UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JEREMY SIMMONS-TELEP,
individually and on behalf of all others
similarly situated,
    Plaintiff,

v.

ROGER WILLIAMS UNIVERSITY,
    Defendant.

C.A. No. 20-cv-226-JJM-LDA

**ORDER**

Before the Court is Defendant Roger Williams University's ("RWU") Motion for Summary Judgment. RWU claims that Plaintiff Jeremy Simmons-Telep lacks standing and even if he does have standing, he cannot show that RWU breached the contract. Mr. Simmons-Telep argues that there is a dispute as to a material fact whether RWU breached their contractual obligations to provide services covered by the fees.

**I.   BACKGROUND**

The COVID-19 pandemic has been a global tragedy. It has fundamentally altered the lives of individuals and their families. It has forced organizations and institutions to adapt in ways that they could not have anticipated. It has forced this country to take drastic measures to meet the ever-changing disruptions posed by a constantly evolving virus.

Early in the Spring 2020 semester, as the virus continued to proliferate across the globe, RWU assembled their Emergency Response Team. *See* ECF No. 47-22 at

¶ 3. This team emailed all members of the RWU community to inform them that, beginning on March 23, 2020, instruction would be transitioning to an online format. *See* ECF No. 47-23 at 2. This email also stated that "[t]he University remains open and staff are expected to report to campus." *Id.* at 4.

While these events were unfolding, Mr. Simmons-Telep was in his first semester at RWU. *See* ECF No. 47-15 at ¶ 3. He enrolled as a sophomore due to his transfer credits. *See id.* As part of the cost of attending, RWU charged Mr. Simmons-Telep a Student Activity Fee. Also, Mr. Simmons-Telep applied for, and RWU issued him, a Parking Permit. *Id.* at ¶ 5–6.

Mr. Simmons-Telep had an unpaid balance of $2,502.90, which included $501.90 in unpaid fees at the end of the term. ECF No. 47-15 at ¶ 12; *see* ECF No. 47-16 at 2. In April 2021, after RWU's counsel informed Plaintiff's counsel of his prior nonpayment and requested that he accordingly withdraw his remaining cause of action, Mr. Simmons-Telep made two payments to RWU totaling $2,502.90. Mr. Simmons-Telep did not enroll at RWU for the Fall 2020 term or any later terms, instead, he transferred out of RWU.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 56 controls in deciding whether a party is entitled to summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. More particularly,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a

> party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When deciding whether the Court should grant summary judgment, the Court must "view the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor." *Barbour v. Dynamics Rsch. Corp.*, 63 F.3d 32, 36 (1st Cir. 1995).

As alluded to, there must first be no genuine issues of material fact. "[M]ere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). Thus, the issue must be genuine and material. *See id.* "In this context, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party. . . . '[M]aterial' means that the fact is one that might affect the outcome of the suit under the governing law." *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994) (citations omitted) (internal quotation marks omitted).

Additionally, the moving party must be entitled to judgment as a matter of law. The moving party is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. The Court decides this latter element of the summary judgment standard by evaluating "whether there is [evidence] upon which a jury can properly proceed to

3

find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson*, 477 U.S. at 252 (emphasis in original) (internal quotation marks omitted).

## III.   DISCUSSION

RWU moves for summary judgment on two grounds: first, that Mr. Simmons-Telep lacks standing because he had not paid the fees until much after bringing his claim; therefore, he had suffered no injury; and second, that even if he does have standing, there was no contract because he did not timely pay the fees. Though these arguments have some significant overlap, they lead to the same conclusion—that a plaintiff cannot sue for a refund of fees they did not timely pay.

The basic principles of contract law govern Plaintiff's claims. In Rhode Island, as is true in many other jurisdictions, "a student and private university relationship is essentially contractual in nature." *Gorman v. St. Raphael Acad.*, 853 A.2d 28, 34 (R.I. 2004). The Court must, therefore, establish the landscape of contract law to determine whether a reasonable jury could conclude that there was a breach of contract.

Contract law is a state law doctrine. *See Ogden v. Saunders*, 25 U.S. 213, 325 (1827). "[T]he remedy for a breach of a contract is governed by the lex fori," or the law of the forum. *Nowell v. Waterman*, 163 A. 402, 403 (R.I. 1932). The Court will therefore look to Rhode Island law for this landscape.

"A contract is an agreement which creates an obligation. Its essentials are competent parties, subject matter, a legal consideration, mutuality of agreement, and

4

mutuality of obligation." *Lamoureux v. Burrillville Racing Ass'n*, 161 A.2d 213, 215 (R.I. 1960) (internal quotation marks omitted).

Together with offer and acceptance, there must also be consideration. "Consideration consists of some legal right acquired by the promisor in consideration of his promise or forborne by the promisee in consideration of such promise." *DeAngelis v. DeAngelis*, 923 A.2d 1274, 1279 (R.I. 2007). "To determine consideration, the Restatement (Second) of Contracts § 71 (1981) employs a bargained-for exchange test. Under this test, something is bargained-for 'if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise.'" *Filippi v. Filippi*, 818 A.2d 608, 624 (R.I. 2003). This constitutes a mutuality of obligation, which is fundamental in bilateral contracts. *See JPL Livery Servs., Inc. v. Rhode Island Dep't of Admin.*, 88 A.3d 1134, 1143 (R.I. 2014).

If a party fails to fulfill their contractual obligations, they have breached the contract, and the nonbreaching party may sue for the breach. *See Rendine v. Catoia*, 158 A. 712, 713 (R.I. 1932). To determine whether there has been a breach, the Court must look to the contractual obligations, which the plain language of the agreement shows. *See Zarrella v. Minnesota Mut. Life Ins. Co.*, 824 A.2d 1249, 1259 (R.I. 2003). "[W]hether a party has substantially performed or materially breached its contractual obligations is usually a question of fact to be decided by the jury. However, if the issue of materiality admits . . . only one reasonable answer, then the

court should intervene and resolve the matter as a question of law." *Women's Dev. Corp. v. City of Cent. Falls*, 764 A.2d 151, 158 (R.I. 2001) (citations omitted).

Mr. Simmons-Telep did not timely pay the fees required by his contract with RWU. He attended RWU for only one semester, in the Spring of 2020. He did not pay the fees during the Spring semester as required, or at any time during 2020.[1] Because there was no payment for these services, Mr. Simmons-Telep cannot now attempt to enforce a contract that he breached by failing to timely pay; he cannot now claim that there was a breach and RWU owes him a refund.

Mr. Simmons-Telep's arguments about belated payment of fees also fails. When an individual enters a contractual relationship, the individual must provide consideration according to the contract. This did not occur here. Therefore, because Mr. Simmons-Telep did not pay the fees at the time, he cannot bring a claim for a breach of contract. Because no dispute as to a material fact exists as to whether there was a contract, the Court must grant summary judgment for Defendant RWU.

Another, independent reason for granting the summary judgment motion is that Mr. Simmons-Telep lacks standing to sue. For a plaintiff to properly bring a case in federal court, there must be Article III standing. The first and perhaps most important element of standing is that "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and

---

[1] RWU allowed Mr. Simmons-Telep to finish the Spring 2020 semester and obtain academic credit for the three of his four Spring 2020 courses that he passed. ECF No. 47-15 at ¶ 15. RWU did so even though in its Catalog and Financial Agreement it expressly reserved the right to cancel student registrations in the event of nonpayment of tuition or fees. ECF No. 47-1 at ¶ 28–29.

6

particularized, and (b) 'actual or imminent,' not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). "Injury is a prerequisite to standing, and named plaintiffs need to satisfy this standing requirement throughout the stages of the litigation." *In re Nexium Antitrust Litig.*, 777 F.3d 9, 31–32 (1st Cir. 2015). And yet, this element is not even satisfied here.

The thrust of Mr. Simmons-Telep's claim is that "[a]s a result of being instructed to stay off campus for the latter portion of the Spring 2020 semester, Plaintiff . . . lost the benefit of the services for which these fees had been paid." ECF No. 21 at ¶ 37. However, when Mr. Simmons-Telep filed his claim in this Court, he had not paid the Student Activity Fee or the Parking Permit Fee that were required to be paid over a year before. Because Mr. Simmons-Telep had not paid the fees when he sued, he could not have incurred an injury in fact to satisfy the first element of Article III standing. The injury element was therefore not in existence for the entire duration of the litigation. *See In re Nexium Antitrust Litig.*, 777 F.3d 9, 31–32 (1st Cir. 2015). As a result, the Court finds that Mr. Simmons-Telep did not have standing to bring his claim when he sued RWU.

## IV. CONCLUSION

Jeremy Simmons-Telep sued Roger Williams University for breach of contract. However, Mr. Simmons-Telep did not fulfill his part of the agreement with the University—to timely pay the Student Activity Fee and Parking Permit Fee. Therefore, he cannot claim breach of contract. Relatedly, Mr. Simmons-Telep lacks standing to bring this claim because he had not suffered a cognizable injury when he

filed suit. Thus, the Court GRANTS Defendant's Motion for Summary Judgment. ECF No. 41.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

March 22, 2022